IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

JOSEPH LEROY DAYRINGER, Register )
No. 161097, and JAMES ERIC MANSFIELD, )
Register No. 191434, )
 )
                Plaintiffs, )
 )
      v. )    No. 08-4128-CV-C-SOW
 )
DAVID WEBSTER, et al., )
 )
                Defendants. )

## REPORT AND RECOMMENDATION

Before the court is defendants' motion to dismiss plaintiffs' claims for failure to state a claim on which relief may be granted under 42 U.S.C. § 1983. Plaintiffs have filed suggestions in opposition.[1]

Federal Rule of Civil Procedure 8(a)(2) requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." It must give the defendant fair notice of the claim and grounds on which it rests. Conley v. Gibson, 355 U.S. 41, 47 (1957). Detailed factual allegations are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level. . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 ___, 127 S. Ct. 1955, 1965 (2007).

Thus, a complaint is properly dismissed under Federal Rule of Civil Procedure 12(b)(6) when it fails to state a claim upon which relief can be granted. When ruling on a motion to dismiss, the factual allegations in the complaint are accepted as true, and the court must determine whether they show the pleader is entitled to relief. At this stage, the complaint is

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

construed liberally in the light most favorable to the plaintiff. Eckert v. Titan Tire Corp. 514 F.3d 801, 806 (8th Cir. 2008). "The complaint must 'provide a defendant with some indication of the loss and the causal connection that the plaintiff has in mind.'" Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 347 (2005)).

In the instant case, plaintiffs allege that they were improperly denied their religious materials for a year, thereby substantially burdening their exercise of religion. Plaintiffs state they are seeking only a declaratory judgment that their rights were violated, in violation of the First Amendment and the Religious Land Use and Institutionalized Persons Act (hereinafter "RLUIPA"). Plaintiffs seek no damages and appear to concede that the violation of their rights has subsequently been remedied.

Defendants argue that plaintiffs' claims are, in essence, that they were retaliated against because of their religion, resulting in issuance of conduct violations and removal of their religious books. Defendants argue such claims fail because the conduct violations and removal of books were based on actual evidence of violations or suspected violations of prison rules. Specifically, defendants argue that the books were confiscated because they were in excess of the number of books allowed in prisoner cells as set forth in the prison rules. Defendants also argue that subsequent to a prison investigation, plaintiffs were allowed to gain access to the books that had been removed from their cells, and were allowed the opportunity to choose six books each, as allowed by policy, to retain in their cells. Defendants argue that there is no equal protection claim because Shane Smith, an inmate issued a similar conduct violation, was also limited to six books to choose to keep in his cell.

Finally, defendants argue that prison regulations limiting the number of books plaintiffs could have in their cells at one time do not substantially burden plaintiffs' rights under RLUIPA or the Free Exercise Clause of the First Amendment. Defendants also argue, alternatively, that they are entitled to qualified immunity.

In plaintiffs' response, they argue that defendants have tried to transform their claims into something they are not. Plaintiffs attempt to clarify, stating that their allegations are that Webster retaliated/discriminated against them because of their religion. Defendants allege that when a

2

visit from the Christian Separatist Church Society (hereinafter "CSCS") minister was requested, defendant Webster subsequently issued false conduct violations against plaintiffs. Plaintiffs allege that the false conduct violations resulted in them having all of their CSCS religious books removed from their cells for one year. Plaintiffs allege Webster's actions were a violation of their protected speech, and therefore, a violation of the First Amendment. Plaintiffs also allege that Webster knew his actions would result in substantially burdening their exercise of the CSCS religion.

Plaintiffs further allege that defendants Woods and Galloway should have known that the denial of their religious books for 52 weeks violated their rights under RLUIPA because prison officials should have known that removal of their religious materials would substantially burden their practice of religion because CSCS faith members were authorized to practice their faith in their cells.

Plaintiffs also allege that the six-book limitation violates RLUIPA because it is not the least restrictive means of ensuring prison safety, and substantially burdens the exercise of their religion. Plaintiffs distinguish the case cited by defendants, <u>Weir v. Nix</u>, 114 F.3d 817 (8th Cir. 1997), stating the book limitation in that case was 25 books. Plaintiffs qualify that their claim challenging the number of books allowed, however, does not make claims against nondefendant Kemna, who reduced their theft conduct violations issued by Webster to contraband violations, citing excess in number of books in plaintiffs' cells, and who subsequently returned to them their religious books.

Finally, plaintiffs further allege they were denied equal protection because other members of the CSCS faith did not have anything confiscated, and the one additional CSCS inmate that did, inmate Smith, had his bible returned in six to seven weeks, whereas plaintiffs were denied their religious books for 52 weeks.

*Discussion*

In conjunction with their motion to dismiss, defendants submit to the court copies of the relevant documents, including conduct violation reports, grievances, etc. Although plaintiffs attached some of this information to their complaint, defendants' additional documentation

3

cannot be properly considered at the motion to dismiss stage because it is evidence outside the pleadings.

Upon review, this court finds at the motion-to-dismiss stage that plaintiffs' allegations, as set forth above, are sufficient to proceed. The issues raised in, and documentation submitted with, defendants' motion to dismiss raise factual issues which are more appropriately addressed at the summary judgment stage.

Plaintiffs' motion seeking to submit joint interrogatories in excess of 25 is premature because a scheduling order has not yet been entered. Upon the issuance of a final order on defendants' motion to dismiss, defendants will file an answer within thirty days, and immediately thereafter, a scheduling order will be issued by the court. After the scheduling order is issued, defendants will have twenty days to file a response to plaintiffs' motion, and plaintiffs a reply, if necessary, within ten days thereafter. At that time, plaintiffs' motion will be considered by the court.

IT IS, THEREFORE, RECOMMENDED that defendants' motion to dismiss be denied. [19].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 18th day of March, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge